UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                     |   |                              |
|-------------------------------------|---|------------------------------|
| LINDA A. MCCAULEY,                  | ) |                              |
|                                     | ) |                              |
| Plaintiff,                          | ) |                              |
|                                     | ) |                              |
| v.                                  | ) | Civil Action No. 11-2296 (ABJ) |
|                                     | ) |                              |
| KENNETH L. SALAZAR, Secretary,      | ) |                              |
| DEPARTMENT OF THE INTERIOR,         | ) |                              |
|                                     | ) |                              |
| Defendant.                          | ) |                              |

**MEMORANDUM OPINION**

On May 29, 2009, plaintiff Linda A. McCauley was terminated from her position as an Administrative Services Specialist at the U.S. Department of Interior's Division of Administration, Office of Surface Mining. EEOC Decision No. 0320110042, 1–2 [Dkt. # 1] ("EEOC Decision"). Plaintiff claims that she was terminated "improperly" after filing a claim of "Harassment/Reprisal and discrimination," that she was denied leave to which she was entitled under an "FMLA Leave Share Program," that she was denied reasonable accommodations to which she was entitled, that she was denied compensation for an on-the-job injury, that she is owed pay for leave she accrued, and that her termination violated her right to due process. Compl. at 1–2, 4 [Dkt. # 1]. Defendant asserts that the true reasons for plaintiff's termination were her excessive absences and her absences without leave ("AWOL"). Def.'s Mem. of Law in Supp. of Mot. for Summ. J. at 1–2 [Dkt. # 19-1].

Starting in July 2009, plaintiff filed a series of administrative appeals that culminated in a November 2011 EEOC decision upholding the Merit Systems Protection Board's ("MSPB") determination that her termination had been proper and non-discriminatory. EEOC Decision at

2, 6. Plaintiff then filed this *pro se* action against former Secretary of the Interior Kenneth Lee Salazar on December 23, 2011.[1] Compl. at 1. Defendant answered the complaint on September 24, 2012 [Dkt. # 9]. After an initial scheduling conference with both parties, the Court referred the case to the Circuit Executive's Mediation Program and appointed counsel for plaintiff for that limited purpose. Order of Appointment of Counsel for the Limited Purpose of Mediation & Referral to Mediation at 1 [Dkt. # 13]. The mediation was unsuccessful, and defendant filed the motion for summary judgment now pending before the Court on July 12, 2013 [Dkt. # 19].

On July 17, 2013, the Court notified the *pro se* plaintiff that the Court "may grant [defendant's] motion and dismiss the case if [she] fail[ed] to respond." Fox/Neal Order at 1 [Dkt. # 21], citing *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (holding that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion and that the notice "should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case"). The Court also directed plaintiff to Rule 56, setting forth those portions of the Rule related to supporting factual positions at summary judgment. *Id.* at 2, quoting Fed. R. Civ. P. 56(c), (e). The Court explained that "parties such as plaintiff, who are on the opposing side of a motion for summary judgment must rebut the moving party's affidavits with evidence, such as other affidavits or sworn statements; mere statements that the moving party's affidavits are inaccurate or incorrect are not sufficient." *Id*.

---

1  Although plaintiff comes before this Court *pro se*, she was represented by counsel in at least part of the administrative appeals process. *See* EEOC Decision at 2 ("On July 13, 2009, Petitioner's attorney filed a mixed case appeal with the MSPB . . . ."); Pet. for Review at 1 [Dkt. # 1] (plaintiff's *pro se* petition for review by the EEOC). The Court also appointed pro bono counsel for plaintiff for the limited purpose of mediation on November 27, 2012. *See* Order of Appointment of Counsel for the Limited Purpose of Mediation & Referral to Mediation at 1 [Dkt. # 13].

2

On August 16, 2013, plaintiff filed what was styled as her opposition to defendant's "Motion for Summary Judgment and to dismiss." Pl.'s Opp. to Mot. for Summ. J. to Dismiss at 1 [Dkt. # 22] ("Pl.'s Opp."). But the pleading did not address the substance of the motion. In the three-page, handwritten opposition, plaintiff simply contested "line[s] 13, 14, 15 and 16" of defendant's Statement of Material Facts as to Which There is No Genuine Issue, saying that "Attachment 1 (9 pages)" and "Attachment 2 (2 pages) . . . prove[ ] that this fact is not accurate." Pl.'s Opp. at 1–2; *see also* Def.'s Statement of Material Facts as to Which There is No Genuine Issue ¶¶ 13–16 [Dkt. # 19-2]. Paragraphs 13 through 16 of defendant's statement of material facts relate to the timing of plaintiff's termination and her first administrative appeal. *See id*. Many documents have been attached to the various filings in this case, so it is not entirely clear which records were being referenced, but in any event, plaintiff offered no explanation as to why the cited materials created a genuine issue of fact, or why the dispute was material to the motion for summary judgment.

The remaining page and a half of the opposition was devoted to plaintiff's request for an extension of time to further respond to defendant's motion, her request for court-appointed counsel, and her request that the Court "consider this case as a De Novo Case." Pl.'s Opp. at 2–3. Plaintiff also attached thirteen pages of exhibits to the opposition, including a Wikipedia article defining "trial de novo" and correspondence with her former employer regarding her medical condition and requests for leave. *See generally* Ex. 1 to Pl.'s Opp. [Dkt. # 22-1].

On February 19, 2014, the Court in its discretion denied plaintiff's request for appointed counsel without prejudice and granted her request for an extension of time. Order of Feb. 19, 2014 at 3 [Dkt. # 24]; s*ee also Poindexter v. FBI*, 737 F.2d 1173, 1179 (D.C. Cir. 1984) ("The decision to appoint [counsel] rests in the sound discretion of the trial judge."). Repeating the

language of the original Fox/Neal Order, the Court directed plaintiff to take note of Rule 56, and it set forth the provisions of the Rule related to supporting factual positions at summary judgment. Order of Feb. 19, 2014 at 3–4, quoting Fed. R. Civ. P. 56(c), (e). The Court again explained that "parties such as plaintiff, who are on the opposing side of a motion for summary judgment, must rebut the moving party's affidavits with evidence, such as other affidavits or sworn statements. Mere statements that the moving party's affidavits are inaccurate or incorrect are not sufficient." *Id.* at 4. The Court then notified plaintiff once more that "under the Federal Rules of Civil Procedure and the local rules of this Court, the Court may grant defendant's motion for summary judgment and dismiss this case if plaintiff fails to respond to defendant's motion." *Id.* at 4–5, citing *Fox v. Strickland*, 837 F.2d at 509.

The Court granted plaintiff leave to file a supplement to her opposition to defendant's motion for summary judgment on or before April 1, 2014.[2] *Id.* at 3. As of the date of this Memorandum Opinion, plaintiff has not responded to the Court's Order or filed a supplement to her opposition. Thus, none of the facts material to the disposition of the case have been disputed.

I.      **Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*

---

2      At one point in this Order, the Court erroneously referred to defendant's motion as a "motion to dismiss." *See* Order of Feb. 19, 2014 at 3. However, the numerous other references to defendant's motion in the Order correctly describe it as a "motion for summary judgment" and the plaintiff has been repeatedly advised to consult Rule 56.

4

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). The existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the nonmoving party; a fact is only "material" if it is capable of affecting the outcome of the litigation. *Id.* at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987). In assessing a party's motion, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the summary judgment motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations omitted), quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam). But if the nonmoving party "fail[s] to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

II. **Plaintiff has failed to come forward with evidence to demonstrate the existence of a genuine issue of material fact.**

Under Rule 56(a), "the court *shall* grant summary judgment" where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). The court must "state on the record the reasons for granting or denying the motion." *Id.* A nonmoving party's complete failure to come forward with evidence to demonstrate the existence of a genuine issue of material fact constitutes a "reason" for the grant of summary judgment. *See* Fed. R. Civ. P. 56(a); *see also Grimes v. District of Columbia*, 923 F. Supp. 2d 196, 198 (D.D.C. 2013).

Rule 56 further provides that a nonmoving party "must" support the assertion that a fact is genuinely disputed by "citing to particular parts of materials in the record" or by "showing that

the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A)–(B); *see also Grimes*, 923 F. Supp. 2d at 198. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the court has four options: (1) to give the party "an opportunity to properly . . . address the fact; (2) [to] consider the fact undisputed for purposes of the motion; (3) [to] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) [to] issue any other appropriate order." Fed. R. Civ. P. 56(e). In addition, under Local Civil Rule 7(h) of this Court, "the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted" by the nonmoving party.

In this case, plaintiff has entirely failed to address defendant's claim that the undisputed facts are in its favor, save for a brief and opaque attempt to rebut some of defendant's statements about the timing of plaintiff's termination and appeal. *See* Pl.'s Opp. at 1–2. The Court gave plaintiff two opportunities to properly address defendant's stated facts, *see* Fed. R. Civ. P. 56(e)(1), but plaintiff has failed to do so. Thus, the Court now "consider[s] the [unrebutted] fact[s] undisputed for purposes of [defendant's] motion." *See* Fed. R. Civ. P. 56(e)(2); *see also* LCvR 7(h). Given that plaintiff has failed to demonstrate the existence of a genuine dispute of material fact or to meaningfully contest defendant's motion, defendant is entitled to judgment as

a matter of law and the Court will grant summary judgment to defendant.[3]  *See* Fed. R. Civ. P. 56(e)(3).

## CONCLUSION

Because plaintiff has failed to identify any genuine issues of material fact that would support her case or to meaningfully contest defendant's motion, defendant is entitled to judgment as a matter of law and the Court will grant defendant's motion.  A separate order will issue.

/s/ Amy B. Jackson
AMY BERMAN JACKSON
United States District Judge

DATE: April 17, 2014

---

3   The Court further notes that, as to plaintiff's employment discrimination claims, plaintiff has entirely failed to present a genuine issue of material fact as to whether defendant's proffered legitimate, nondiscriminatory reason for terminating her (her excessive absences and AWOL) was in fact a pretext for discrimination.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515–16 (1993); *see also Celotex*, 477 U.S. at 323.